UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MUHAMMAD RIVERS,

                       Petitioner,
   v.                                                           9:25-CV-0627
                                                                                    (BKS/TWD)
THE PEOPLE OF THE STATE OF NEW YORK,

                       Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

MUHAMMAD RIVERS
Petitioner, pro se
140 Belva Lockwood Lane
Apt 1102
Owego, New York 13827

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, Supplemental Memorandum of Law in Support.[1] Petitioner also remitted the statutory filing fee with his pleading. Dkt. Entry for Pet. dated 05/16/25 (memorializing the receipt information for the filing fee transaction).

For the reasons outlined below, the petition must be transferred to the Second Circuit.

### II.    PREVIOUS HABEAS PETITIONS

Petitioner has previously filed a habeas petition in the Northern District of New York. *See Rivers v. Costello*, No. 9:08-CV-0107 (TJM/RFT) ("*Rivers I*").

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

In *Rivers I*, petitioner challenged his 2005 criminal conviction, from Broome County, pursuant to a guilty plea, for course of sexual conduct against a child in the second degree. *See Rivers I*, Dkt. No. 30, Report-Recommendation and Order ("September Report Rec"), at 2-3 (citing *People v. Rivers*, 829 N.Y.S.2d 274 (3rd Dep't 2007)). Petitioner argued that he was entitled to federal habeas relief because:

> (1) [he was subjected to] prosecutorial misconduct from [the People] failing to disclose *Brady* material and from submitting knowing false evidence before the grand jury; (2) amendments to the indictment rendered it unconstitutionally insufficient; (3) [the] guilty plea was invalid because of Petitioner's incompetence; and (4) [Petitioner experienced] ineffective assistance of counsel.

*Rivers I*, September Report Rec, at 1. This Court recommended that petitioner's claims be denied as meritless. *Rivers I*, September Report Rec, at 8-20. Petitioner did not file any objections, and the September Report Rec was adopted in its entirety and the petition was denied. *Rivers I,* Dkt. No. 30, Decision and Order; *Rivers I*, Dkt. No. 31, Judgment. Petitioner did not attempt to appeal the Judgment.

## II.   PRESENT HABEAS PETITION

The present petition also challenges petitioner's 2005 state court conviction, from Broome County, pursuant to a guilty plea. Pet. at 1-2.

Petitioner explains that his "original trial attorney . . . is now deceased," and that petitioner "has been consistently denied access to essential documents necessary for a proper legal review of his case." Pet. at 1. Accordingly, petitioner argues that he is entitled to federal habeas relief because (1) his former trial counsel was constitutionally ineffective, Pet. at 1-2; (2) despite petitioner's diligent efforts, he has been unable to acquire what he considers to be newly discovered evidence – specifically his plea allocution transcript, indictment, sentencing minutes, and post-conviction filings – which violates his constitutional rights, *id.* at 3; and (3) petitioner is actually innocent, *id.* at 3; Dkt. No. 2 at 1-2. In addition to

his habeas petition being granted and his state court criminal conviction being vacated, petitioner also requests: (1) an Order to Show Cause; (2) immediate production of court records; (3) appointment of counsel; (4) an evidentiary hearing; and (5) temporary injunctive relief.  Pet. at 4; *see also* Dkt. No. 2 at 2-3.

IV.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  *See* 28 U.S.C. § 2244(a) ("[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]").  "A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits."  *Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010) (internal quotation marks and citations omitted); *see also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second

Circuit Court of Appeals for an order authorizing the district court to consider the application."). The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).[2]

Here, petitioner is challenging the same conviction which he previously disputed in his prior habeas action. *Compare* Pet. at 1-2 (contesting his 2005 conviction, from Broome County, pursuant to a guilty plea) *with Rivers I*, September Report Rec, at 2-3 (same). Further, *Rivers I* was ultimately denied as meritless, which constitutes an adjudication on the merits. *See Rivers I,* September Report Rec, at 8-20; *Rivers I*, Decision and Order. Accordingly, both prongs of the second or successive petition test have been satisfied.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals so petitioner can receive permission, and this Court can be authorized, to further proceed with the instant action. *Torres*, 316 F.3d at 151-52. Consequently, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

**V.    CONCLUSION**

---

[2] The Second Circuit rested its decision on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review." *Liriano*, 95 F.3d at 122. "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include . . . a finding that the original action was filed in good faith." *Id.* (internal quotation marks and citations omitted). In *Liriano,* the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements." *Id.*

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that petitioner's requests for additional relief, including production of documents, injunctive remedies, and a request for court-appointed counsel, Pet. at 4, are **DENIED without prejudice** as premature, pending the Second Circuit's determination on whether petitioner should be permitted to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: May 27, 2025

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge